CASE 35—PETITION EQUITY—SEPTEMBER 29.

## Smith's adm'r vs. Dilland's adm'r.

APPEAL FROM HARDIN CIRCUIT COURT.

1. A contract made prior to the act of Congress of the 25th February, 1862, making treasury notes a legal tender, for the payment of so many dollars in gold, does not entitle the party to a judgment for gold or silver, but the judgment should be simply for dollars, without any regard to the kind of currency in which it might be discharged. (1 *Duvall*, 266.)

2. But on a contract since the passage of that act for the payment of gold, the obligee would be entitled to a decree for a specific execution, without regard to the question whether the legal tender act is constitutional or not.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

In the case of Johnson's administrator vs. Vickers (1 *Duvall's Reports*), this court held that a judgment for dollars should be given on a note executed and payable for four hundred and twenty dollars in gold or silver, previous to the congressional act of February 25th, 1862, making treasury notes of the United States a legal tender.

Gold was then the only legal tender. The legal effect of the contract, although more specific, was the same as if gold and silver had not been mentioned. Dollars and gold dollars were then synonymous in law.

There was then no difference in the market value of money declared by any act of Congress lawful money and a legal tender. As the note in this case was payable previous to said enactment, and there seems to be no peculiar consideration requiring the interposition of the chancellor for a specific execution of the contract, it must abide the legal effect of the attempted change of the legal currency of the country, and the judgment for the specified number of dollars was right, without any designation as to the kind of currency in which it might be discharged.

This class of cases is clearly distinguishable from that class of cases where the contract has been made since said act of Congress, in which the party, for a valuable consideration, undertakes to pay a given number of dollars in gold. It would be clearly inequitable to permit him to derive a benefit from this undertaking and then escape from the obligation. In such case the chancellor should decree a specific execution, as founded on a valuable consideration; and the rights of the parties to such contract do not depend on the legality or illegality of making treasury notes a legal tender.

The judgment is, therefore, affirmed.